COOK, Justice.
Robert M. Pirnie III appeals from a ruling that he lacks standing to request the removal of his mother, Billie Jo Pirnie, as the executrix of the estate of his father, Robert M. Pirnie, Jr. The sole issue raised on this appeal is whether Mr. Pirnie III is a “distrib-utee” within the meaning of § 43-2-293, Ala.Code 1975. We affirm.
Mr. Pirnie, Jr., died in May 1991. Pursuant to his will, his wife, Billie Jo Pirnie (hereinafter “the wife”); his son, Mr. Pirnie III (hereinafter “the son”); and AmSouth Bank were named co-executors of his estate. Shares in Ropir Industries, which is a hold *401 ing company for several other entities, constitute the primary assets in the estate.
The decedent’s will provided specific bequests to his wife, with the remainder of the estate assets pouring over into the already-established R.M. Pirnie 1989 Trust. The trial court found the 1989 Trust to be an inter vivos trust; that finding is not challenged on appeal. The trustees — the wife, the son, and AmSouth — were to divide those assets into two smaller trusts, the Marital Trust and the Family Trust. Both trusts were for the benefit of the wife for her lifetime. Upon her death, the assets in the Marital Trust were to pass pursuant to the wife’s will and the assets in the Family Trust were to pass to the son and in trust for a second son, Ron. The wife, the son, and AmSouth were also named co-trustees of the Marital and Family Trusts.
The administration of the estate was removed to the circuit court in February 1992. The wife disclaimed any interest she had in the Family Trust and her interest in 4,323 shares of Ropir Industries, Inc., allocated to the Marital Trust; AmSouth resigned as co-executor of the estate and as co-trustee of all trusts; the wife resigned as co-trustee of the Family Trust; and the son resigned as co-executor and as co-trustee of the Marital Trust. The wife then filed a separate action, which was consolidated with the seeking removal of the son as co-trustee of the 1989 Trust, the Family Trust, and the Ronald K. Pirnie Trust. The son, in turn, sought removal of the wife as executrix and as co-trustee of all trusts except the Marital Trust.
In December 1993, the trial court removed both the wife and the son as trustees of the 1989 Trust and removed the son as trustee of the Family Trust. The trial court then appointed attorneys Linda Smith and James Cameron as co-trustees of the 1989 Trust and Ms. Smith as trustee of the Family Trust. Ms. Smith was later replaced as co-trustee by James M. Sizemore, Jr. The trial court then found in favor of the wife on the son’s application for her removal as executrix. As a result of the resignations and the trial court’s order, the wife became the sole executrix of the estate; James Cameron and Sizemore were named as co-trustees of the 1989 Trust; the wife was sole trustee of the Marital Trust; Sizemore became sole trustee of the Family Trust; and the wife was sole trustee of the Ron Pirnie Trust. In dismissing the son’s application for removal, the trial court determined that he did not have standing to seek the removal of his mother as executrix of the estate. That order was made final pursuant to Rule 54(b), Ala. R.Civ.P. He appeals.
The trial judge made the following findings:
“This matter came on for hearing ... on the Motion of Billie Jo Pirnie, as Executor of the Estate of Robert M. Pirnie, Jr., to dismiss, for lack of standing, the Petition of Robert M. Pirnie, III to remove Billie Jo Pirnie as Executor of the Estate of Robert M. Pirnie, Jr. Having considered the legal authorities presented by the parties and the arguments of counsel, it is hereby, ORDERED, ADJUDGED and DECREED as follows: The Motion of Billie Jo Pirnie, as Executor of the Estate of Robert M. Pirnie, Jr. is due to be and is hereby GRANTED. The Court finds that Robert M. Pirnie, III lacks standing to attempt to remove his mother, Billie Jo Pirnie, from her position as Executor of her husband’s estate. Under Alabama law, standing to attempt to remove an executor of an estate is conferred by statute. Section 43-2-293, Ala.Code (1975), provides that the following persons may file an application for removal of an executor or, in the case of intestacy, an administrator: ‘... creditor, legatee, devisee, heir or distributee, or ... any coexecutor, coad-ministrator or the sureties, or any of them.’ Robert M. Pirnie, III does not fit into any of these categories.
“Robert M. Pirnie, III is only a remote beneficiary of his father’s estate. Other than certain specific bequests to his surviving spouse, Billie Jo Pirnie, Decedent’s Will left the remainder of,his estate to a ‘pour over’ revocable inter vivos trust — the R.M. Pirnie, Jr. 1989 Trust. The Trustees of that Trust are to divide its assets into a ‘Marital Trust’ and a ‘Family Trust’. Robert M. Pirnie, III is a beneficiary of the *402 Family Trust and a contingent beneficiary of the Marital Trust.
“On August 28, 1992, Robert M. Pirnie, III resigned as Co-Executor of the Decedent’s estate and that resignation was filed and entered of record in the Probate Court of Montgomery County on November 30, 1992. On February 28, 1992, Robert M. Pirnie, III resigned as Co-Trustee of the ‘Marital Trust’. By Order of this Court, entered on December 14, 1993 (Pirnie v. Pirnie, CV-92-1889-PR), Robert M. Pir-nie, III was removed as Co-Trustee of the R.M. Pirnie, Jr. 1989 Inter Vivos Trust and was also removed as Trustee of the ‘Family Trust’. Thus, Robert M. Pirnie, III is not an executor of the Decedent’s Estate; nor is he a Trustee of the Trust receiving the bulk of the assets from Decedent’s Estate; nor is he a Trustee of the secondary trusts receiving assets from Decedent’s estate; nor is he a direct beneficiary of any assets in Decedent’s Estate.
“The only argument advanced by R.M. Pirnie, III at the hearing on the motion before the Court was that Robert M. Pir-nie, III was a ‘distributee’ of Decedent’s Estate within the meaning of § 43-2-293 and therefore, had standing. The term ‘distributee’ is defined in § 43-8-1(7). Robert M. Pirnie, III clearly does not fall within that definition. Therefore, the motion of Billie Jo Pirnie is due to be granted. Costs here are taxed against Robert M. Pirnie, III.”
C.R. at 482-83. Section 43-2-293, Ala.Code 1975, states:
“Application for the removal of any executor or administrator, or for an additional bond, must be in writing, verified by oath, must specify the grounds of complaint and must be made to the court from which letters issued, or in which the administration is pending; and may be made by any creditor, legatee, devisee, heir or distribu-tee, or by any coexeeutor, coadministrator or the sureties, or any of them.”
The appellant contends that he is a “distribu-tee” under the will of his father and that, therefore, the trial court erred in holding that he lacked standing to request the removal of his mother as executrix of the estate. The court-appointed trustees of the 1989 Trust have not joined in the application to remove the wife as executrix.
Section 43-8-1(7) defines “distributee” as follows:
“DISTRIBUTEE. Any person who has received property of a decedent from his personal representative other than as creditor or purchaser. A testamentary trustee is a distributee only to the extent of distributed assets or increment thereto remaining in his hands. A beneficiary of a testamentary trust to whom the trustee has distributed property received from a personal representative is a distributee of the personal representative. For purposes of this provision, ‘testamentary trustee’ includes a trustee to whom assets are transferred by will, to the extent of the devised assets.”
Assuming, for the sake of argument, that the trustees of the 1989 Trust were determined to be “testamentary trustees” to the extent that the 1989 Trust contained assets transferred by will, we note that the son is not a beneficiary of the 1989 Trust. Rather, he is a beneficiary of the Family Trust, a second trust, which is to receive a portion of the 1989 Trust assets. The son, although a beneficiary of the Family Trust, is no longer a trustee of the 1989 Trust, nor is he a trustee of the Family Trust.
Nevertheless, relying on the following language of § 43-8-1(7), the son argues that he is a “distributee” because his interest in the Family Trust is “funded”:
“A beneficiary of a testamentary trust to whom the trustee has distributed property received from a personal representative is a distributee of the personal representative.”
Arguing that the Family Trust is “funded,” the son offers testimony of the wife that she voted the shares in the Marital Trust in order to “take control of Ropir Industries.” That evidence, he contends, proves that the Marital Trust is funded. If the Marital Trust is funded, he argues, then the Family Trust is funded and he has standing as one who has “received property from the personal representative.” We disagree. First, the *403 statute specifically states that the beneficiary must be “a beneficiary of a testamentary trust.” Second, the trustee must have distributed the property to the beneficiary. In opposition to the son’s assertion that the Family Trust is funded, the wife offered the affidavit of the accountanVadvisor of Ropir Industries, Inc., whose firm is also the accounting firm for the estate. The affidavit states that the majority of the stock of the corporation is owned by the wife in her individual capacity and as executrix of the estate. The affidavit states further that the stock has not been transferred and is still in the estate. Additionally, the wife contends the proof confirms that the 1989 Trust is not funded, because the estate has not received a closing letter from the Internal Revenue Service and the estate has elected to pay the estate taxes in installments and assets must remain in the estate to assure that the tax liability can be paid. Considering the foregoing, we conclude that the evidence supports the conclusion that the Marital and Family Trusts have not been funded and that the son has not received property either from the executor of the estate or from the trustees of the trust. Therefore, the trial court did not err in determining that the son “is only a remote beneficiary of his father’s estate.” The fact that as executrix, the wife voted the shares of the Marital Trust does nothing-more than show that she is carrying out her duties as executrix.
The co-trustees of the 1989 Trust will ultimately receive the property from the executrix and, in turn, put it into the Family Trust for distribution by the trustee of the Family Trust to the beneficiaries. The son is a beneficiary of the Family Trust and, therefore, a remote beneficiary of the will. Again, we note that the court-appointed trustees did not join in the application to remove the wife. By definition, the son is not a “distributee” within the meaning of § 43-2-293.
Although this argument was not made before the trial court, the son now argues that he is a “devisee.” Based on the definition of “devisee” in § 43-8-1(6), we disagree:
“DEVISEE. Any person designated in a will to receive a devise. In the case of a devise to an existing trust or trustee, or to a trustee or trust described by xvill, the trust or trustee is the devisee and the beneficiaries are not devisees.”
The trial court correctly determined that the son is not a “distributee” and, therefore, does not have standing to attempt to remove his mother as executrix.
AFFIRMED.
HOOPER, C.J., and MADDOX, SHORES, and HOUSTON, JJ., concur.